UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNETH W. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | )<br>)<br>)  Case No. CV 08-01524- AJW<br>)<br>)<br>)  **MEMORANDUM AND ORDER**<br>)  **DISMISSING ACTION WITH PREJUDICE**<br>)  Fed. R. Civ. P. 41(b)<br>)<br>)<br>) |

**Proceedings**

Plaintiff, represented by attorney Marc V. Kalagian, filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration, denying plaintiff's application for supplemental security income benefits. Plaintiff's counsel subsequently filed a motion to withdraw as attorney of record on the grounds that, in his opinion, further prosecution of this action could violate Rule 11 of the Federal Rules of Civil Procedure, and plaintiff had not consented to a substitution of attorney. Plaintiff's counsel's motion to withdraw was granted, and plaintiff was directed as follows:

> On or before **August 14, 2009,** plaintiff shall file a notice of substitution of counsel or a notice that he is proceeding pro se. **Failure to do so may lead to the dismissal of this action with prejudice.** See Fed. R. Civ. P. 41(b). [¶] On or before **August 28, 2009,**

plaintiff or his counsel of record shall prepare and deliver to the Assistant United States Attorney representing the Commissioner a written and detailed proposal of settlement, as more specifically set forth in section V. of the Case Management Order ("CMO") filed on March 12, 2008. The schedule of dates set forth in the CMO for the remaining steps in the settlement procedure and for the filing of a joint stipulation are extended accordingly.

[Order filed July 16, 2009 (emphasis in original)].

Plaintiff has not filed a notice of substitution or a notice that he is proceeding pro se, nor is there any other indication that plaintiff has taken any steps to prosecute this case since his attorney's motion to withdraw was granted nearly six months ago.

## Discussion

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b)[1]; Link v. Wabash R.R.Co., 370 U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

---

[1] Rule 41(b) states:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

1 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
2 and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod.
3 Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006)(discussing and applying
4 those factors). Regardless of whether a litigant's conduct is most properly characterized as a
5 failure to prosecute or as a failure to comply with orders, the applicable standard is the same.
6 See, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure
7 to comply with discovery orders); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)(per
8 curiam)(failure to prosecute).

9       The first factor—the public's interest in the expeditious resolution of litigation—"always
10 favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)(quoting Yourish
11 v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), cert. denied, 538 U.S. 909 (2003);
12 see In re PPA Prod. Liability Litig.,460 F.3d at 1234 ("[D]ismissal serves the public interest in
13 expeditious resolution of litigation as well as the court's need to manage the docket when a
14 plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff,
15 rather than the court, to control the pace of the docket.").

16       The second factor—the court's need to manage its docket—also favors dismissal.
17 Computer Task Group, Inc., 364 F.3d at 1115 ("Where a court order is violated, the first and
18 second factors will favor sanctions . . . .").

19       The third factor—prejudice to defendants or respondents—also weighs in favor of
20 dismissal. In the absence of a showing to the contrary, prejudice to the defendants or
21 respondents is presumed from unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th
22 Cir. 1994)(citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).

23       The fourth factor—the availability of less drastic sanctions—also supports dismissal in
24 this case. In the absence of any action by plaintiff to comply with the court's order after he was
25 warned that noncompliance could result in dismissal, there is no reason to conclude that lesser
26 sanctions would be effective. See In re PPA Prod. Liability Litig., 460 F.3d at 1229 ("Warning
27 that failure to obey a court order will result in dismissal can itself meet the 'consideration of
28

3

alternatives' requirement."); <u>Anderson</u>, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor—the public policy favoring disposition of cases on their merits—generally weighs against dismissal. <u>Pagtalunan</u>, 291 F.3d at 643 (citing <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)). That factor is entitled to less weight than ordinarily is the case, however, because plaintiff's former counsel, an experienced social security disability attorney, submitted a motion to withdraw and a supporting declaration stating that he had concluded that further prosecution of this action could violate Rule 11. Furthermore, the public policy favoring disposition of cases on their merits does not absolve a litigant of responsibility for complying with orders issued by the court or from "moving towards that disposition at a reasonable pace, and . . . refrain[ing] from dilatory and evasive tactics." <u>In re Eisen</u>, 31 F.3d at 1454 (quoting <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991)).

The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal. <u>See</u> <u>Valley Eng'rs Inc. v. Elec.Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998)(noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), <u>cert. denied</u>, 526 U.S. 1064 (1999); <u>Hernandez</u>, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

Prior to dismissal on the court's own motion, a <u>pro se</u> petitioner should be notified of the basis for dismissal and warned that dismissal is imminent. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1262; <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990). That prerequisite has been satisfied.

4

**Conclusion**

For the reasons described above, this action is dismissed with prejudice.

December 29, 2009

ANDREW J. WISTRICH
United States Magistrate Judge